David E. De Lorenzi
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102
Telephone: (973) 596-4500
ddelorenzi@gibbonslaw.com

*Attorneys for Plaintiffs*
*Pharmacosmos A/S*
*Pharmacosmos Holding A/S*
*Pharmacosmos Therapeutics Inc.*

OF COUNSEL:

ARNOLD & PORTER KAYE SCHOLER LLP
Daniel L. Reisner (*pro hac vice* to be submitted)
Abigail Struthers (*pro hac vice* to be submitted)
250 West 55th Street
New York, NY 100190-9710
Telephone: (212) 836-8000
daniel.reisner@arnoldporter.com
abigail.struthers@arnoldporter.com

ARNOLD & PORTER KAYE SCHOLER LLP
Jeremy Cobb (*pro hac vice* to be submitted)
601 Massachusetts Ave,
NW Washington, DC 20001-3743
Telephone: (202) 942-5000
jeremy.cobb@arnoldporter.com

ARNOLD & PORTER KAYE SCHOLER LLP
David Denuyl (*pro hac vice* to be submitted)
3000 El Camino Real,
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306-3807
Telephone: (650) 319-4500
david.denuyl@arnoldporter.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PHARMACOSMOS A/S;<br>PHARMACOSMOS HOLDING A/S; and<br>PHARMACOSMOS THERAPEUTICS INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DR. REDDY'S LABORATORIES, INC. and<br>DR. REDDY'S LABORATORIES, LTD.,<br><br>Defendants. | Case No. 25-3967 |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Pharmacosmos A/S, Pharmacosmos Holding A/S, and Pharmacosmos Therapeutics Inc. (collectively, "Pharmacosmos" or "Plaintiffs"), for their Complaint against Defendants Dr. Reddy's Laboratories, Ltd. ("DRL Ltd.") and Dr. Reddy's Laboratories, Inc. ("DRL Inc.") (collectively, "DRL" or "Defendants"), hereby allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, Sections 100 *et seq.*, and in particular under 35 U.S.C §§ 271 (a–c, e–g). This action relates to the Abbreviated New Drug Application No. 220230 ("DRL's ANDA") filed or caused to be filed by DRL Inc. and DRL Ltd. with the United States Food and Drug Administration ("FDA") for approval to market a generic version of Pharmacosmos' COSELA®, (trilaciclib) for injection, intravenous drug product. Through DRL's ANDA, DRL seeks approval to market a generic version of the pharmaceutical product COSELA® (trilaciclib) prior to the expiration of United States Patent Nos. 8,598,186 ("the '186 patent"), 8,598,197 ("the '197 patent"), 9,957,276 ("the '276 patent"), 10,189,849 ("the '849 patent"), 10,189,850 ("the '850 patent"), 10,927,120 ("the '120 patent"), 11,040,042 ("the '042 patent"), 9,487,530 ("the '530 patent"), 10,085,992 ("the '992 patent"), 10,966,984 ("the '984 patent"), 11,717,523 ("the '523 patent"), 11,529,352 ("the '352 patent"); and 12,168,666 ("the '666 patent"). True and correct copies of the patents-in-suit are attached as Exhibits A-M. Plaintiffs seek injunctive relief precluding infringement, attorneys' fees, and any other relief the Court deems just and proper.

## THE PARTIES

2. Plaintiff Pharmacosmos Holding A/S is a corporation organized and existing under the laws of Denmark and has a principal place of business at Roervangsvej 30, DK-4300 Holbaek, Denmark.

3. Plaintiff Pharmacosmos A/S is a corporation organized and existing under the laws of Denmark and has a principal place of business at Roervangsvej 30, DK-4300 Holbaek, Denmark. Pharmacosmos A/S is a wholly-owned subsidiary of Pharmacosmos Holding A/S.

4. Plaintiff Pharmacosmos Therapeutics Inc. is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 120 Headquarters Plaza, East Tower, 6th Floor, Morristown, New Jersey 07960. Pharmacosmos Therapeutics Inc. is a wholly-owned subsidiary of Pharmacosmos A/S.

5. On information and belief, Defendant DRL Ltd. is a corporation organized and existing under the laws of India and has a principal place of business at 8-2-337, Road No. 3, Banjara Hills, Hyderabad, Telangana 500034, India.

6. On information and belief, DRL Ltd., directly or through one or more of its wholly-owned subsidiaries and/or agents, develops, manufactures, markets, distributes, imports, offers for sale, and/or sells generic versions of branded pharmaceutical products throughout the United States, including in New Jersey.

7. DRL Ltd.'s Integrated Annual Report for 2023-24 states that its United States "revenues (excluding other operating income) … based on the location of the customers" for the year ended March 31, 2024 was 135,565 million Indian Rupees (approximately 1.59 billion U.S. dollars as of April 21, 2025), approximately 48.5% of its total global revenues. DRL Ltd.

Integrated Annual Report 2023-24, p. 374 (Exhibit O); *see also*, DRL Ltd. Form 20-F for 2024, p. 151 (Exhibit P).

8. On information and belief, Defendant DRL Inc. is a corporation organized and existing under the laws of the State of New Jersey and has a principal place of business in New Jersey at 600 College Road East, Princeton, New Jersey, 08540. *See, e.g.*, *In Re Selenious Acid Litig.*, No. 2:24-cv-07791 (D.N.J.), ECF No. 63 at ¶ 5; *Impax Lab'ys, LLC v. Dr. Reddy's Lab'ys, Ltd.*, No. 2:24-cv-07875 (D.N.J.), ECF No. 9 at ¶ 3.

9. On information and belief, DRL Inc. is a wholly-owned subsidiary of DRL Ltd. *See, e.g.*, DRL Ltd. Integrated Annual Report 2023-24, pp. 94, 375; DRL Ltd. Form 20-F for 2024, pp. 40, 205.

10. On information and belief, DRL Inc. is registered with New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0100518911.

11. On information and belief, DRL Inc. is registered with New Jersey's Department of Health as a drug manufacturer and wholesaler under Registration No. 5002312.

12. On information and belief, DRL Inc. develops, manufactures, markets, distributes, imports, offers for sale, and/or sells, generic versions of branded pharmaceutical products throughout the United States, including in New Jersey.

13. On information and belief, DRL Inc. and DRL Ltd. prepared and submitted DRL's ANDA and continue to collaborate in seeking FDA approval of that application. *See* DRL Paragraph IV Notice Letter, pp. 1-2.

14. On information and belief, DRL Inc. and DRL Ltd. intend to commercially manufacture, market, offer for sale, and sell the product described in DRL's ANDA ( "DRL's ANDA Product") throughout the United States, including in the State of New Jersey, in the event the FDA approves DRL's ANDA.

**JURISDICTION AND VENUE**

15. This is a civil action for infringement of the '186 patent, '197 patent, '276 patent, '849 patent, '850 patent, '120 patent, '042 patent, '530 patent, '992 patent, '984 patent, '523 patent, '352 patent, and '666 patent (collectively, "the patents-in-suit"). This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq*.

16. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and/or 35 U.S.C. § 271.

17. Venue is proper in this Court as to Defendant DRL Ltd. under 28 U.S.C. § 1391(c)(3) because DRL Ltd. is a foreign corporation and may be sued in any judicial district in the United States where DRL Ltd. is subject to the court's personal jurisdiction. For reasons set forth below, DRL Ltd. is subject to personal jurisdiction in this district.

18. In addition, this Court has personal jurisdiction over DRL Ltd., and venue is proper as to DRL Ltd., at least because upon information and belief DRL Ltd.: (1) directs and/or controls DRL Inc., which has a principal place of business and business addresses in New Jersey; (2) along with DRL Inc., submitted DRL's ANDA in New Jersey and served DRL's Paragraph IV Notice Letter; (3) has purposely availed itself of the privilege of doing business in New Jersey, directly or indirectly through its subsidiaries, agents, and/or alter egos; (4) maintains pervasive, continuous, and systematic contacts with New Jersey, including the marketing, distribution, and/or

sale of generic pharmaceutical products in New Jersey; (5) on information and belief, derives substantial revenue from the sale of its products in New Jersey; and (6) on information and belief, intends to, directly or indirectly through its subsidiaries, agents, and/or alter egos, market, sell, or distribute DRL's ANDA Product for which it seeks approval under DRL's ANDA, including throughout New Jersey.

19. This Court has personal jurisdiction over DRL Ltd. for at least the additional reason that it has availed itself of the legal protections of New Jersey by previously consenting to personal jurisdiction and asserting counterclaims in this Judicial District. *See, e.g.*, *Impax Lab'ys, LLC v.. Dr. Reddy's Lab'ys, Ltd.*, No. 2:24-cv-07875 (D.N.J.); *In Re Selenious Acid Litig.*, No. 2:24-cv-07791 (D.N.J.); *Vifor (Int'l) AG v. Dr. Reddy's Lab'ys, Ltd.*, No. 3:24-cv-06833 (D.N.J.); *Eisai R&D Mgmt. Co., Ltd. v. Dr. Reddy's Lab'ys, Inc.*, No. 24-cv-06765 (D.N.J.); *Esperion Therapeutics, Inc. v. Dr. Reddy's Lab'ys Inc.*, No. 2:24-cv-06391 (D.N.J); *Novo Nordisk Inc. v. Dr. Reddy's Lab'ys, Ltd.*, No. 1:23-cv-22112 (D.N.J.); *Celgene Corp. v. Dr. Reddy's Lab'ys, Ltd.*, No. 2:21-cv-02111 (D.N.J.); *Mitsubishi Tanabe Pharma Corp. v. Dr. Reddy's Lab'ys, Inc.*, No. 3:19-cv-18764 (D.N.J.); *AstraZeneca LP v. Dr. Reddy's Lab'ys, Ltd.*, No. 2:19-cv-15739 (D.N.J.).

20. DRL Ltd. has further availed itself to the jurisdiction of New Jersey by initiating litigation in this Judicial District. *See, e.g., Dr. Reddy's Lab'ys, Inc. v. Astrazeneca AB*, No. 1:18-cv-16057 (D.N.J.); *Dr. Reddy's Lab'ys, Inc. v. Astrazeneca AB*, No. 3:15-cv-08128 (D.N.J.); *Dr. Reddy's Lab'ys, Inc. v. Purdue Pharm. Prods. L.P.*, No. 2:14-cv-03230 (D.N.J.); *Dr. Reddy's Lab'ys, Ltd. v. Eli Lilly & Co.*, No. 3:09-cv-00192 (D.N.J.); *Dr. Reddy's Lab'ys, Ltd. v. Astrazeneca AB*, No. 3:08-cv-02496 (D.N.J.).

21. Alternatively, this Court may exercise jurisdiction over DRL Ltd. pursuant to Fed. R. Civ. P. 4(k)(2) because (1) Pharmacosmos' claims arise under federal law; (2) DRL Ltd. is a foreign defendant not subject to personal jurisdiction in any state's court of general jurisdiction; and (3) DRL Ltd. has sufficient contacts with the United States as a whole, including but not limited to preparing and submitting numerous ANDAs to the FDA and manufacturing, importing, offering to sell, or selling generic pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over DRL Ltd. satisfies due process.

22. Venue is proper in this Court as to DRL Inc. under 28 U.S.C. § 1400(b) because DRL Inc. resides in New Jersey, has committed acts of infringement in New Jersey, and has a regular and established place of business in this Judicial District. DRL sent its DRL's Paragraph IV Notice Letter, which indicated that DRL Inc. and DRL Ltd. submitted DRL's ANDA in New Jersey. DRL Paragraph IV Notice Letter at pp.1-2.

23. In addition, this Court has personal jurisdiction over DRL Inc., and venue is proper as to DRL Inc., because on information and belief, DRL Inc.: (1) submitted DRL's ANDA with DRL Ltd. and served DRL's Paragraph IV Notice Letter on behalf of itself and DRL Ltd.in New Jersey; (2) has a principal place of business and business addresses in New Jersey; (3) has employees in the places of business that it maintains in New Jersey; (4) has customers in the state of New Jersey; (5) has purposely availed itself of the privilege of doing business in New Jersey, including securing a New Jersey wholesale drug distributor's license (Registration No. 5002312) and New Jersey Business Entity identification number (Registration No. 0100518911); (6) develops, manufactures, and/or imports generic pharmaceutical versions of branded products for sale and use throughout the United States, including in New Jersey; (7) directly or indirectly

markets, distributes, and/or sells its generic pharmaceutical products in New Jersey; (8) directly or indirectly maintains pervasive, continuous, and systematic contacts with New Jersey, including through a network of wholesalers and distributors, for the purposes of marketing, distributing, and/or selling generic pharmaceutical products in New Jersey; (9) enjoys substantial income from sales of its generic pharmaceutical products in New Jersey; and (10) on information and belief, intends to, directly or indirectly through its subsidiary, agent, and/or alter ego, market, sell, or distribute DRL's ANDA Product in New Jersey.

24. This Court has personal jurisdiction over DRL Inc. at least because it has availed itself of the legal protections of New Jersey by previously consenting to personal jurisdiction and asserting counterclaims in this Judicial District. *See, e.g., Impax Lab'ys, LLC v. Dr. Reddy's Lab'ys, Ltd.*, No. 2:24-cv-07875 (D.N.J.); *In Re Selenious Acid Litig.*, No. 2:24-cv-07791 (D.N.J.); *Vifor (Int'l) AG v. Dr. Reddy's Lab'ys, Ltd.*, No. 3:24-cv-06833 (D.N.J.); *Eisai R&D Mgmt. Co., Ltd. et al. v. Dr. Reddy's Lab'ys, Inc.*, No. 24-cv-06765 (D.N.J.); *Esperion Therapeutics, Inc. v. Dr. Reddy's Lab'ys Inc.*, No. 2:24-cv-06391 (D.N.J); *Novo Nordisk Inc. v. Dr. Reddy's Lab'ys, Ltd.*, No. 1:23-cv-22112 (D.N.J.); *Celgene Corp. v. Dr. Reddy's Lab'ys, Ltd.*, No. 2:21-cv-02111 (D.N.J.); *Mitsubishi Tanabe Pharma Corp. v. Dr. Reddy's Lab'ys, Inc.*, No. 3:19-cv-18764 (D.N.J.); *AstraZeneca LP v. Dr. Reddy's Lab'ys, Ltd.*, No. 2:19-cv-15739 (D.N.J.).

25. DRL Inc. has further availed itself of the jurisdiction of this Judicial District by previously initiating litigation in this Judicial District. *See, e.g., Dr. Reddy's Lab'ys, Inc. v. Astrazeneca AB*, No. 1:18-cv-16057 (D.N.J.); *Dr. Reddy's Lab'ys, Inc. v. Astrazeneca AB*, No. 3:15-cv-08128 (D.N.J.); *Dr. Reddy's Lab'ys, Inc. v. Purdue Pharm. Prods. L.P.*, No. 2:14-cv-

03230 (D.N.J.); *Dr. Reddy's Lab'ys, Ltd. v. Eli Lilly & Co.*, No. 3:09-cv-00192 (D.N.J.); *Dr. Reddy's Lab'ys, Ltd. v. Astrazeneca AB*, No. 3:08-cv-02496 (D.N.J.).

26. On information and belief, DRL Ltd. and DRL Inc. are agents of each other with respect to formulating, manufacturing, packaging, marketing, and/or selling pharmaceutical products throughout the United States, and will do the same with respect to DRL's ANDA Product.

27. On information and belief, DRL Ltd. and DRL Inc. are acting in concert with each other with respect to formulating, manufacturing, packaging, marketing, and/or selling pharmaceutical products throughout the United States, and will do the same with respect to DRL's ANDA Product.

28. On information and belief, DRL Ltd. and DRL Inc. filed or caused to be filed DRL's ANDA with the FDA. *See* DRL Paragraph IV Notice Letter at pp.1-2.

29. On information and belief, DRL Ltd. and DRL Inc. submitted DRL's ANDA in New Jersey, based on work performed in New Jersey in support of DRL's ANDA filing. On information and belief, this work, including but not limited to providing details on bioequivalence testing, manufacturing processes and quality control measures, and communicating with the FDA concerning the ANDA submission, was performed by DRL Ltd. and DRL Inc., and comprises part of DRL's ANDA submission.

30. On information and belief, DRL Ltd. and DRL Inc. taking actions which, among other things, led to the filing of DRL's ANDA and its maintaining of distribution channels, including in New Jersey, establish that DRL will commercially manufacture, use, offer to sell, sell, and/or import DRL's ANDA Product throughout the United States, including in New Jersey, if granted approval.

31. DRL's agent, on behalf of DRL Ltd. and DRL Inc., sent Pharmacosmos a letter dated March 24, 2025 ("DRL's Paragraph IV Notice Letter") providing notice that DRL's ANDA contains a certification with respect to the '186, '197, '276, '849, '850, '120, '042, '530, '992, '984, '523, and '666 patents under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification"), stating that DRL had filed DRL's ANDA seeking approval from the FDA to commercially manufacture, use, market, or sell its 300 mg base/vial generic trilaciclib product in the United States.

32. Pharmacosmos received DRL's Paragraph IV Notice Letter in New Jersey on March 25, 2025.

## PHARMACOSMOS'S APPROVED COSELA® AND THE PATENTS-IN-SUIT

33. Pharmacosmos A/S holds New Drug Application ("NDA") No. 214200, which the FDA approved on February 12, 2021. The FDA also granted five years of regulatory exclusivity for a new chemical entity pursuant to 21 C.F.R. § 314.108, which expires on February 12, 2026. Pharmacosmos markets and sells intravenous products that are the subject of NDA No. 214200 in the United States under the brand name "COSELA®."

34. COSELA® (trilaciclib) is a kinase inhibitor indicated "to decrease the incidence of chemotherapy-induced myelosuppression in adult patients when administered prior to a platinum/etoposide-containing regimen or topotecan-containing regimen for extensive-stage small cell lung cancer (ES-SCLC)." A true and correct copy of the prescribing information for COSELA® is attached as Exhibit N.

35. The prescribing information for COSELA® instructs that COSELA® should be "administer[ed] as a 30-minute intravenous infusion completed no more than 4 hours prior to the

start of chemotherapy on each day chemotherapy is administered," and that "the interval between doses of COSELA on sequential days should not be greater than 28 hours." Exhibit N at Sections 1, 2.

36. The prescribing information for COSELA® further details the platinum/etoposide-containing regimen of Study 1 (G1T28-05), the primary study supporting FDA approval of COSELA®. Exhibit N at Sections 6, 14. For example, the prescribing information for COSELA® details that "Study 1 (G1T28-05) was a randomized (1:1), double-blind, placebo-controlled study of COSELA or placebo administered prior to treatment with etoposide, carboplatin, and atezolizumab (E/P/A) for patients with newly diagnosed ES-SCLC not previously treated with chemotherapy," and that, in the COSELA® treatment group, "Carboplatin (AUC 5) and atezolizumab (1200 mg) were administered on Day 1 and etoposide (100 $mg/m^2$) and COSELA (240 $mg/m^2$) … were administered on Days 1, 2, and 3 of a 21-day cycle for a maximum of 4 cycles (induction). After induction, maintenance atezolizumab (1200 mg) monotherapy on Day 1 of a 21-day cycle continued until disease progression or unacceptable toxicity." Exhibit N at Section 14; *see also id.* at Section 6 ("Study 1 (G1T28-05; NCT03041311) was an international, randomized (1:1), double-blind, placebo-controlled study of COSELA or placebo administered prior to treatment with etoposide, carboplatin, and atezolizumab (E/P/A) for patients with newly diagnosed ES-SCLC not previously treated with chemotherapy.").

37. The prescribing information for COSELA® further discloses that Study 1 "demonstrated a statistically significantly shorter duration of severe neutropenia (DSN) in Cycle 1 (0 vs 4 days) and a lower proportion of patients with severe neutropenia (SN) (2% vs 49%) in patients receiving COSELA compared with placebo (Table 5)." *Id.* at Section 14.

38. Upon information and belief, the platinum/etoposide-containing regimen of Study 1 reflects the standard of care for treating patients with ES-SCLC, which requires administration of a platinum/etoposide-containing regimen comprising platinum/etoposide chemotherapy (*e.g.*, carboplatin and etoposide) and an immune checkpoint inhibitor (*e.g.*, atezolizumab) administered in an induction phase and a maintenance phase.

39. Pursuant to 21 U.S.C. § 355(b)(1), the patents-in-suit are listed in the FDA's publication titled Approved Drug Products with Therapeutic Equivalence Evaluations (commonly referred to as the "Orange Book") as covering COSELA®.

40. The '186 patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on December 3, 2013 and is titled "CDK Inhibitors." A true and correct copy of the '186 patent is attached as Exhibit A. The '186 patent is currently set to expire on October 25, 2031.

41. Pharmacosmos' application for patent term extension under 35 U.S.C. §156 for the '186 patent is currently pending and requests an extension of 1,162 days, which would set the expiration date of the '186 patent to December 30, 2034.

42. The '197 patent was duly and legally issued by the USPTO on December 3, 2013 and is titled "CDK Inhibitors." A true and correct copy of the '197 patent is attached as Exhibit B. The '197 patent will expire on October 25, 2031.

43. The '276 patent was duly and legally issued by the USPTO on May 1, 2018 and is titled "CDK Inhibitors." A true and correct copy of the '276 patent is attached as Exhibit C. The '276 patent will expire on October 25, 2031.

44. The ’849 patent was duly and legally issued by the USPTO on January 29, 2019 and is titled “CDK Inhibitors.” A true and correct copy of the ’849 patent is attached as Exhibit D. The ’849 patent will expire on October 25, 2031.

45. The ’850 patent was duly and legally issued by the USPTO on January 29, 2019 and is titled “CDK Inhibitors.” A true and correct copy of the ’850 patent is attached as Exhibit E. The ’850 patent will expire on October 25, 2031.

46. The ’120 patent was duly and legally issued by the USPTO on February 23, 2021 and is titled “CDK Inhibitors.” A true and correct copy of the ’120 patent is attached as Exhibit F. The ’120 patent will expire on October 25, 2031.

47. The ’042 patent was duly and legally issued by the USPTO on June 22, 2021 and is titled “Transient Protection of Normal Cells During Chemotherapy.” A true and correct copy of the ’042 patent is attached as Exhibit G The ’042 patent will expire on October 25, 2031.

48. The ’530 patent was duly and legally issued by the USPTO on November 8, 2016 and is titled “Transient Protection of Normal Cells During Chemotherapy.” A true and correct copy of the ’530 patent is attached as Exhibit H. The ’530 patent is currently set to expire on March 14, 2034.

49. The ’992 patent was duly and legally issued by the USPTO on October 2, 2018 and is titled “Transient Protection of Normal Cells During Chemotherapy.” A true and correct copy of the ’992 patent is attached as Exhibit I. The ’992 patent will expire on March 14, 2034.

50. The ’984 patent was duly and legally issued by the USPTO on April 6, 2021 and is titled “Transient Protection of Normal Cells During Chemotherapy.” A true and correct copy of the ’984 patent is attached as Exhibit J. The ’984 patent will expire on March 14, 2034.

51. The ’523 patent was duly and legally issued by the USPTO on August 8, 2023 and is titled “Transient Protection of Normal Cells During Chemotherapy.” A true and correct copy of the ’523 patent is attached as Exhibit K. The ’523 patent will expire on March 14, 2034.

52. The ’352 patent was duly and legally issued by the USPTO on December 20, 2022 and is titled “Preservation of Immune Response During Chemotherapy Regimens.” A true and correct copy of the ’352 patent is attached as Exhibit L. The ’352 patent will expire on July 23, 2039.

53. The ’666 patent was duly and legally issued by the USPTO on December 17, 2024 and is titled “Morphic Forms of Trilaciclib And Methods of Manufacture Thereof.” A true and correct copy of the ’666 patent is attached as Exhibit M. The ’666 patent will expire on November 13, 2040.

54. Pharmacosmos Holding A/S is the assignee of the patents-in-suit.

55. Pharmacosmos Therapeutics Inc. holds an exclusive license under the patents-in-suit to commercialize COSELA® in the United States.

**DRL’S ANDA AND NOTICE LETTER**

56. On information and belief, DRL submitted DRL’s ANDA to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), seeking approval to engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of DRL’s ANDA Product as a purported generic version of COSELA® prior to the expiration of the patents-in-suit. On information and belief, DRL’s ANDA contains a Paragraph IV Certification with respect to the ’186, ’197, ’276, ’849, ’850, ’120, ’042, ’530, ’992, ’984, ’523, and ’666 patents.

57. Pharmacosmos Therapeutics Inc. received DRL's Paragraph IV Notice Letter in New Jersey on March 25, 2025. In its Paragraph IV Notice Letter, DRL Inc. represented that DRL's ANDA included Paragraph IV Certifications with respect to the '186, '197, '276, '849, '850, '120, '042, '530, '992, '984, '523, and '666 patents, and that DRL Inc. is seeking approval to engage in the commercial manufacture, use, or sale of DRL's ANDA Product prior to the expiration of the '186, '197, '276, '849, '850, '120, '042, '530, '992, '984, '523, and '666 patents. According to DRL's Paragraph IV Notice Letter, DRL's ANDA Product contains trilaciclib.

58. DRL's Paragraph IV Notice Letter did not provide notice of any certification required by 21 U.S.C. § 355(j)(2)(A) for the '352 patent with DRL's ANDA. However, on information and belief, in light of its PIV Certifications with respect to the '186, '197, '276, '849, '850, '120, '042, '530, '992, '984, '523, and '666 patents, DRL is seeking approval from the FDA to commercially manufacture, use, market, or sell DRL's ANDA product prior to the expiration of the '352 patent.

59. DRL's Paragraph IV Notice Letter purported to contain a "Detailed Statement for ANDA 220230" ("Detailed Statement").

60. DRL's Detailed Statement alleged that one or more claims of each of the '186, '197, '276, '850, '120, '530, '992, '984, '523, and '666 patents will not be infringed by the commercial manufacture, use, or sale of DRL's ANDA Product and that one or more claims of each of the '186, '197, '276, '849, '850, '120, '042, '530, '992, '984, and '523 patents are invalid. DRL's Detailed Statement did not allege that the '666 patent is invalid.

61. DRL's Paragraph IV Notice Letter purported to include an Offer of Confidential Access ("OCA") to certain DRL confidential information regarding DRL's ANDA Product. On

April 2, 2025 shortly after receiving DRL's Paragraph IV Notice Letter, Pharmacosmos requested that DRL revise its purported OCA to provide Pharmacosmos with access to Modules 1, 2, and 3 of DRL's ANDA.

62. On April 7, 2025, DRL informed Pharmacosmos that they would get back to Pharmacosmos "soon." On April 16, 2025, DRL informed Pharmacosmos that they "should be able to get back to [Pharmacosmos] early next week." On April 25, 2025, DRL refused to produce the entirety of Module 1, 2, and 3, instead offering the proposed label to DRL's ANDA product and Section 2.3.S. On April 28, 2025, Pharmacosmos informed DRL that it maintained is position that Modules 1, 2, and 3 of DRL's ANDA were necessary to evaluate DRL's position. Pharmacosmos informed DRL that it appeared the parties were at an impasse but offered to meet and confer. DRL has not responded to Pharmacosmos' offer to meet and confer, and the parties were not able to reach an agreement as of the date of this Complaint. To date, DRL has not provided Pharmacosmos with a copy of any portion of DRL's ANDA.

63. On information and belief, DRL Inc. and DRL Ltd. have participated in the preparation and submission of DRL's ANDA, have provided material support to the preparation and submission of DRL's ANDA, and intend to support the further prosecution of DRL's ANDA.

64. On information and belief, if the FDA approves DRL's ANDA, DRL will manufacture, use, offer for sale, or sell DRL's ANDA Product within the United States, including within New Jersey, or will import DRL's ANDA Product into the United States, including New Jersey.

65. On information and belief, if the FDA approves DRL's ANDA, DRL will actively induce or contribute to the manufacture, use, offer for sale, sale or importation of DRL's ANDA Product.

66. Pharmacosmos is commencing this action within 45 days of the date of receipt of DRL's Paragraph IV Notice Letter in accordance with the time frame for filing such a suit established by the Hatch-Waxman Act, 21 U.S.C. § 355(j)(5)(B)(iii).

## ACTS GIVING RISE TO THIS ACTION

## COUNT I

## INFRINGEMENT OF THE '186 PATENT BY DRL

67. The allegations of paragraphs 1-66 above are repeated and re-alleged as if set forth fully herein.

68. On information and belief, DRL has submitted or caused the submission of DRL's ANDA to FDA, and continues to seek FDA approval of DRL's ANDA.

69. DRL has infringed the '186 patent under 35 U.S.C. § 271(e)(2)(A) by submitting DRL's ANDA with a Paragraph IV certification and seeking FDA approval of DRL's ANDA prior to the expiration of the '186 patent.

70. The claims of the '186 patent are directed to, *inter alia*, trilaciclib and salts thereof.

71. According to DRL's Paragraph IV Notice Letter, and on information and belief, DRL's ANDA Product contains trilaciclib dihydrochloride. DRL's Paragraph IV Notice Letter at pp.2-3.

72. DRL Inc. and DRL Ltd. are jointly and severally liable for any infringement of the '186 patent because, on information and belief, DRL Inc. and DRL Ltd. actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the

submission of DRL's ANDA and its accompanying Paragraph IV Certification directed to the '186 patent to the FDA.

73. On information and belief, if DRL's ANDA is approved, DRL and its affiliates will immediately make, use, sell, offer for sale, or otherwise distribute DRL's ANDA Product in the United States, including in New Jersey, thereby directly infringing one or more claims of the '186 patent.

74. DRL's commercial manufacture, use, sale, or offer for sale, and/or importation into the United States of DRL's ANDA Product will actively induce and/or contribute to the infringement of the '186 patent.

75. Unless enjoined by this Court, upon approval of ANDA No. 220230, DRL will make, use, offer to sell, or sell DRL's ANDA Product within the United States, or will import DRL's ANDA Product into the United States, and will thereby contribute to the infringement and/or induce the infringement of one or more claims of the '186 patent.

76. On information and belief, DRL has acted with full knowledge of the '186 patent and without a reasonable basis for believing that it would not be liable for infringement of the '186 patent; active inducement of infringement of the '186 patent; and/or contribution to the infringement by others of the '186 patent.

77. DRL's Detailed Statement in DRL's Paragraph IV Notice Letter lacks any sufficient contention that DRL's ANDA Product will not infringe, contribute to the infringement of, or induce the infringement of the '186 patent.

78. Pharmacosmos will be irreparably harmed if DRL is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '186 patent. Pharmacosmos

does not have an adequate remedy at law, and considering the balance of hardships between Pharmacosmos and DRL, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

79. The submission of DRL's ANDA to obtain FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of DRL's ANDA Product before the expiration of the '186 patent also entitles Pharmacosmos to fees under 35 U.S.C. § 271(e)(4) and § 285.

**COUNT II**

**INFRINGEMENT OF THE '197 PATENT BY DRL**

80. The allegations of paragraphs 1-79 above are repeated and re-alleged as if set forth fully herein.

81. On information and belief, DRL has submitted or caused the submission of DRL's ANDA to FDA, and continues to seek FDA approval of DRL's ANDA.

82. DRL has infringed the '197 patent under 35 U.S.C. § 271(e)(2)(A) by submitting DRL's ANDA with a Paragraph IV certification and seeking FDA approval of DRL's ANDA prior to the expiration of the '197 patent.

83. The claims of the '197 patent are directed to, *inter alia*, trilaciclib and salts thereof.

84. According to DRL's Paragraph IV Notice Letter, and on information and belief, DRL's ANDA Product contains trilaciclib dihydrochloride. DRL's Paragraph IV Notice Letter at pp.2-3.

85. DRL Inc. and DRL Ltd. are jointly and severally liable for any infringement of the '197 patent because, on information and belief, DRL Inc. and DRL Ltd. actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the

submission of DRL's ANDA and its accompanying Paragraph IV Certification directed to the '197 patent to the FDA.

86. On information and belief, if DRL's ANDA is approved, DRL and its affiliates will immediately make, use, sell, offer for sale, or otherwise distribute DRL's ANDA Product in the United States, including in New Jersey, thereby directly infringing one or more claims of the '197 patent.

87. DRL's commercial manufacture, use, sale, or offer for sale, and/or importation into the United States of DRL's ANDA Product will actively induce and/or contribute to the infringement of the '197 patent.

88. Unless enjoined by this Court, upon approval of ANDA No. 220230, DRL will make, use, offer to sell, or sell DRL's ANDA Product within the United States, or will import DRL's ANDA Product into the United States, and will thereby contribute to the infringement and/or induce the infringement of one or more claims of the '197 patent.

89. On information and belief, DRL has acted with full knowledge of the '197 patent and without a reasonable basis for believing that it would not be liable for infringement of the '197 patent; active inducement of infringement of the '197 patent; and/or contribution to the infringement by others of the '197 patent.

90. DRL's Detailed Statement in DRL's Paragraph IV Notice Letter lacks any sufficient contention that DRL's ANDA Product will not infringe, contribute to the infringement of, or induce the infringement of the '197 patent.

91. The claims of the '197 patent are directed to, *inter alia*, trilaciclib and salts thereof.

92. Pharmacosmos will be irreparably harmed if DRL is not enjoined from infringing, and from actively inducing or contributing to the infringement of the ’197 patent. Pharmacosmos does not have an adequate remedy at law, and considering the balance of hardships between Pharmacosmos and DRL, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

93. The submission of DRL’s ANDA to obtain FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of DRL’s ANDA Product before the expiration of the ’197 patent also entitles Pharmacosmos to fees under 35 U.S.C. § 271(e)(4) and § 285.

**COUNT III**

**INFRINGEMENT OF THE ’276 PATENT BY DRL**

94. The allegations of paragraphs 1-93 above are repeated and re-alleged as if set forth fully herein.

95. On information and belief, DRL has submitted or caused the submission of DRL’s ANDA to FDA, and continues to seek FDA approval of DRL’s ANDA.

96. DRL has infringed the ’276 patent under 35 U.S.C. § 271(e)(2)(A) by submitting DRL’s ANDA with a Paragraph IV certification and seeking FDA approval of DRL’s ANDA prior to the expiration of the ’276 patent.

97. The claims of the ’276 patent are directed to, *inter alia*, trilaciclib and salts thereof.

98. According to DRL’s Paragraph IV Notice Letter, and on information and belief, DRL’s ANDA Product contains trilaciclib dihydrochloride. DRL’s Paragraph IV Notice Letter at pp.2-3.

99. DRL Inc. and DRL Ltd. are jointly and severally liable for any infringement of the ’276 patent because, on information and belief, DRL Inc. and DRL Ltd. actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of DRL’s ANDA and its accompanying Paragraph IV Certification directed to the ’276 patent to the FDA.

100. On information and belief, if DRL’s ANDA is approved, DRL and its affiliates will immediately make, use, sell, offer for sale, or otherwise distribute DRL’s ANDA Product in the United States, including in New Jersey, thereby directly infringing one or more claims of the ’276 patent.

101. DRL’s commercial manufacture, use, sale, or offer for sale, and/or importation into the United States of DRL’s ANDA Product will actively induce and/or contribute to the infringement of the ’276 patent.

102. Unless enjoined by this Court, upon approval of ANDA No. 220230, DRL will make, use, offer to sell, or sell DRL’s ANDA Product within the United States, or will import DRL’s ANDA Product into the United States, and will thereby contribute to the infringement and/or induce the infringement of one or more claims of the ’276 patent.

103. On information and belief, DRL has acted with full knowledge of the ’276 patent and without a reasonable basis for believing that it would not be liable for infringement of the ’276 patent; active inducement of infringement of the ’276 patent; and/or contribution to the infringement by others of the ’276 patent.

104. DRL's Detailed Statement in DRL's Paragraph IV Notice Letter lacks any sufficient contention that DRL's ANDA Product will not infringe, contribute to the infringement of, or induce the infringement of the '276 patent.

105. Pharmacosmos will be irreparably harmed if DRL is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '276 patent. Pharmacosmos does not have an adequate remedy at law, and considering the balance of hardships between Pharmacosmos and DRL, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

106. The submission of DRL's ANDA to obtain FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of DRL's ANDA Product before the expiration of the '276 patent also entitles Pharmacosmos to fees under 35 U.S.C. § 271(e)(4) and § 285.

**COUNT IV**

**INFRINGEMENT OF THE '849 PATENT BY DRL**

107. The allegations of paragraphs 1-106 above are repeated and re-alleged as if set forth fully herein.

108. On information and belief, DRL has submitted or caused the submission of DRL's ANDA to FDA, and continues to seek FDA approval of DRL's ANDA.

109. DRL has infringed the '849 patent under 35 U.S.C. § 271(e)(2)(A) by submitting DRL's ANDA with a Paragraph IV certification and seeking FDA approval of DRL's ANDA prior to the expiration of the '849 patent.

110. The claims of the '849 patent are directed to, *inter alia*, trilaciclib and salts thereof.

111. According to DRL's Paragraph IV Notice Letter, and on information and belief, DRL's ANDA Product contains trilaciclib dihydrochloride. DRL's Paragraph IV Notice Letter at pp.2-3.

112. DRL Inc. and DRL Ltd. are jointly and severally liable for any infringement of the '849 patent because, on information and belief, DRL Inc. and DRL Ltd. actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of DRL's ANDA and its accompanying Paragraph IV Certification directed to the '849 patent to the FDA.

113. On information and belief, if DRL's ANDA is approved, DRL and its affiliates will immediately make, use, sell, offer for sale, or otherwise distribute DRL's ANDA Product in the United States, including in New Jersey, thereby directly infringing one or more claims of the '849 patent.

114. DRL's commercial manufacture, use, sale, or offer for sale, and/or importation into the United States of DRL's ANDA Product will actively induce and/or contribute to the infringement of the '849 patent.

115. Unless enjoined by this Court, upon approval of ANDA No. 220230, DRL will make, use, offer to sell, or sell DRL's ANDA Product within the United States, or will import DRL's ANDA Product into the United States, and will thereby contribute to the infringement and/or induce the infringement of one or more claims of the '849 patent.

116. On information and belief, DRL has acted with full knowledge of the '849 patent and without a reasonable basis for believing that it would not be liable for infringement of the '849

patent; active inducement of infringement of the ’849 patent; and/or contribution to the infringement by others of the ’849 patent.

117. DRL’s Detailed Statement in DRL’s Paragraph IV Notice Letter lacks any sufficient contention that DRL’s ANDA Product will not infringe, contribute to the infringement of, or induce the infringement of the ’849 patent.

118. Pharmacosmos will be irreparably harmed if DRL is not enjoined from infringing, and from actively inducing or contributing to the infringement of the ’849 patent. Pharmacosmos does not have an adequate remedy at law, and considering the balance of hardships between Pharmacosmos and DRL, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

119. The submission of DRL’s ANDA to obtain FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of DRL’s ANDA Product before the expiration of the ’849 patent also entitles Pharmacosmos to fees under 35 U.S.C. § 271(e)(4) and § 285.

**COUNT V**

**INFRINGEMENT OF THE ’850 PATENT BY DRL**

120. The allegations of paragraphs 1-119 above are repeated and re-alleged as if set forth fully herein.

121. On information and belief, DRL has submitted or caused the submission of DRL’s ANDA to FDA, and continues to seek FDA approval of DRL’s ANDA.

122. DRL has infringed the ’850 patent under 35 U.S.C. § 271(e)(2)(A) by submitting DRL’s ANDA with a Paragraph IV certification and seeking FDA approval of DRL’s ANDA prior to the expiration of the ’850 patent.

123. The claims of the ’850 patent are directed to, *inter alia*, trilaciclib and salts thereof.

124. According to DRL’s Paragraph IV Notice Letter, and on information and belief, DRL’s ANDA Product contains trilaciclib dihydrochloride. DRL’s Paragraph IV Notice Letter at pp.2-3.

125. DRL Inc. and DRL Ltd. are jointly and severally liable for any infringement of the ’850 patent because, on information and belief, DRL Inc. and DRL Ltd. actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of DRL’s ANDA and its accompanying Paragraph IV Certification directed to the ’850 patent to the FDA.

126. On information and belief, if DRL’s ANDA is approved, DRL and its affiliates will immediately make, sell, use, offer for sale, or otherwise distribute DRL’s ANDA Product in the United States, including in New Jersey, thereby directly infringing one or more claims of the ’850 patent.

127. DRL’s commercial manufacture, use sale, or offer for sale, and/or importation into the United States of DRL’s ANDA Product will actively induce and/or contribute to the infringement of the ’850 patent.

128. Unless enjoined by this Court, upon approval of ANDA No. 220230, DRL will make, use, offer to sell, or sell DRL’s ANDA Product within the United States, or will import DRL’s ANDA Product into the United States, and will thereby contribute to the infringement and/or induce the infringement of one or more claims of the ’850 patent.

129. On information and belief, DRL has acted with full knowledge of the ’850 patent and without a reasonable basis for believing that it would not be liable for infringement of the ’850

patent; active inducement of infringement of the ’850 patent; and/or contribution to the infringement by others of the ’850 patent.

130. DRL’s Detailed Statement in DRL’s Paragraph IV Notice Letter lacks any sufficient contention that DRL’s ANDA Product will not infringe, contribute to the infringement of, or induce the infringement of the ’850 patent.

131. Pharmacosmos will be irreparably harmed if DRL is not enjoined from infringing, and from actively inducing or contributing to the infringement of the ’850 patent. Pharmacosmos does not have an adequate remedy at law, and considering the balance of hardships between Pharmacosmos and DRL, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

132. The submission of DRL’s ANDA to obtain FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of DRL’s ANDA Product before the expiration of the ’850 patent also entitles Pharmacosmos to fees under 35 U.S.C. § 271(e)(4) and § 285.

**COUNT VI**

**INFRINGEMENT OF THE ’120 PATENT BY DRL**

133. The allegations of paragraphs 1-132 above are repeated and re-alleged as if set forth fully herein.

134. On information and belief, DRL has submitted or caused the submission of DRL’s ANDA to FDA, and continues to seek FDA approval of DRL’s ANDA.

135. DRL has infringed the ’120 patent under 35 U.S.C. § 271(e)(2)(A) by submitting DRL’s ANDA with a Paragraph IV certification and seeking FDA approval of DRL’s ANDA prior to the expiration of the ’120 patent.

136. The claims of the ’120 patent are directed to, *inter alia*, trilaciclib and salts thereof.

137. According to DRL’s Paragraph IV Notice Letter, and on information and belief, DRL’s ANDA Product contains trilaciclib dihydrochloride. DRL’s Paragraph IV Notice Letter at pp.2-3.

138. DRL Inc. and DRL Ltd. are jointly and severally liable for any infringement of the ’120 patent because, on information and belief, DRL Inc. and DRL Ltd. actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of DRL’s ANDA and its accompanying Paragraph IV Certification directed to the ’120 patent to the FDA.

139. On information and belief, if DRL’s ANDA is approved, DRL and its affiliates will immediately make, use, sell, offer for sale, or otherwise distribute DRL’s ANDA Product in the United States, including in New Jersey, thereby directly infringing one or more claims of the ’120 patent.

140. DRL’s commercial manufacture, use, sale, or offer for sale, and/or importation into the United States of DRL’s ANDA Product will actively induce and/or contribute to the infringement of the ’120 patent.

141. Unless enjoined by this Court, upon approval of ANDA No. 220230, DRL will make, use, offer to sell, or sell DRL’s ANDA Product within the United States, or will import DRL’s ANDA Product into the United States, and will thereby contribute to the infringement and/or induce the infringement of one or more claims of the ’120 patent.

142. On information and belief, DRL has acted with full knowledge of the ’120 patent and without a reasonable basis for believing that it would not be liable for infringement of the ’120

patent; active inducement of infringement of the ’120 patent; and/or contribution to the infringement by others of the ’120 patent.

143. DRL’s Detailed Statement in DRL’s Paragraph IV Notice Letter lacks any sufficient contention that DRL’s ANDA Product will not infringe, contribute to the infringement of, or induce the infringement of the ’120 patent.

144. Pharmacosmos will be irreparably harmed if DRL is not enjoined from infringing, and from actively inducing or contributing to the infringement of the ’120 patent. Pharmacosmos does not have an adequate remedy at law, and considering the balance of hardships between Pharmacosmos and DRL, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

145. The submission of DRL’s ANDA to obtain FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of DRL’s ANDA Product before the expiration of the ’120 patent also entitles Pharmacosmos to fees under 35 U.S.C. § 271(e)(4) and § 285.

**COUNT VII**

**INFRINGEMENT OF THE ’042 PATENT BY DRL**

146. The allegations of paragraphs 1-145 above are repeated and re-alleged as if set forth fully herein.

147. On information and belief, DRL has submitted or caused the submission of DRL’s ANDA to FDA, and continues to seek FDA approval of DRL’s ANDA.

148. DRL has infringed the ’042 patent under 35 U.S.C. § 271(e)(2)(A) by submitting DRL’s ANDA with a Paragraph IV certification and seeking FDA approval of DRL’s ANDA prior to the expiration of the ’042 patent.

149. The claims of the ’042 patent are directed to, *inter alia*, trilaciclib and salts thereof.

150. According to DRL’s Paragraph IV Notice Letter, and on information and belief, DRL’s ANDA Product contains trilaciclib dihydrochloride. DRL’s Paragraph IV Notice Letter at pp.2-3.

151. DRL Inc. and DRL Ltd. are jointly and severally liable for any infringement of the ’042 patent because, on information and belief, DRL Inc. and DRL Ltd. actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of DRL’s ANDA and its accompanying Paragraph IV Certification directed to the ’042 patent to the FDA.

152. On information and belief, if DRL’s ANDA is approved, DRL and its affiliates will immediately make, use, sell, offer for sale, or otherwise distribute DRL’s ANDA Product in the United States, including in New Jersey, thereby directly infringing one or more claims of the ’042 patent.

153. DRL’s commercial manufacture, use, sale, or offer for sale, and/or importation into the United States of DRL’s ANDA Product will actively induce and/or contribute to the infringement of the ’042 patent.

154. Unless enjoined by this Court, upon approval of ANDA No. 220230, DRL will make, use, offer to sell, or sell DRL’s ANDA Product within the United States, or will import DRL’s ANDA Product into the United States, and will thereby contribute to the infringement and/or induce the infringement of one or more claims of the ’042 patent.

155. On information and belief, DRL has acted with full knowledge of the ’042 patent and without a reasonable basis for believing that it would not be liable for infringement of the

’042patent; active inducement of infringement of the ’042 patent; and/or contribution to the infringement by others of the ’042 patent.

156. DRL’s Detailed Statement in DRL’s Paragraph IV Notice Letter lacks any sufficient contention that DRL’s ANDA Product will not infringe, contribute to the infringement of, or induce the infringement of the ’042 patent.

157. Pharmacosmos will be irreparably harmed if DRL is not enjoined from infringing, and from actively inducing or contributing to the infringement of the ’042 patent. Pharmacosmos does not have an adequate remedy at law, and considering the balance of hardships between Pharmacosmos and DRL, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

158. The submission of DRL’s ANDA to obtain FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of DRL’s ANDA Product before the expiration of the ’042 patent also entitles Pharmacosmos to fees under 35 U.S.C. § 271(e)(4) and § 285.

**COUNT VIII**

**INFRINGEMENT OF THE ’530 PATENT BY DRL**

159. The allegations of paragraphs 1-158 above are repeated and re-alleged as if set forth fully herein.

160. On information and belief, DRL has submitted or caused the submission of DRL’s ANDA to FDA, and continues to seek FDA approval of DRL’s ANDA.

161. DRL has infringed the ’530 patent under 35 U.S.C. § 271(e)(2)(A) by submitting DRL’s ANDA with a Paragraph IV certification and seeking FDA approval of DRL’s ANDA prior to the expiration of the ’530 patent.

162. DRL Inc. and DRL Ltd. are jointly and severally liable for any infringement of the ’530 patent because, on information and belief, DRL Inc. and DRL Ltd. actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of DRL’s ANDA and its accompanying Paragraph IV Certification directed to the ’530 patent to the FDA.

163. On information and belief, DRL’s ANDA product will be accompanied by a label containing clinical study information, prescribing information, and other instructions (“DRL’s ANDA Product Labeling”).

164. On information and belief DRL’s ANDA Product Labeling will be substantially identical to the prescribing information for COSELA® (Exhibit N).

165. On information and belief, physicians will follow the instructions on DRL’s ANDA Product Labeling when administering DRL’s ANDA Product.

166. On information and belief, the use of DRL’s ANDA Product in accordance with and as directed by DRL’s ANDA Product Labeling will infringe one or more claims of the ’530 patent.

167. As an example, claim 36 of the ’530 patent recites:

> A method of reducing the effect of chemotherapy on healthy cells in a subject being treated for cyclin-dependent kinase 4/6 (CDK4/6) replication independent cancer, wherein said healthy cells are hematopoietic stem cells or hematopoietic progenitor cells, the method comprising administering to the subject an effective amount of at least one chemotherapeutic agent and a compound of the formula:




or a pharmaceutically acceptable salt thereof.

168. On information and belief, the use of DRL's ANDA Product in accordance with and as directed by DRL's ANDA Product Labeling will practice the method recited in at least claim 36 of the '530 patent.

169. DRL's Detailed Statement in DRL's Paragraph IV Notice Letter lacks any contention that the use of DRL's ANDA Product in accordance with and as directed by DRL's ANDA Product Labeling will not infringe, and/or that DRL's manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of DRL's ANDA Product will not contribute to the infringement of, or induce the infringement of certain claims of the '530 patent, including claim 36.

170. On information and belief, DRL will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of DRL's ANDA Product immediately and imminently upon approval of DRL's ANDA.

171. On information and belief, the manufacture, use, sale, offer for sale, or importation of DRL's ANDA Product will infringe one or more claims of the '530 patent.

172. On information and belief, the manufacture, use, sale, offer for sale, or importation of DRL's ANDA Product in accordance with and as directed by DRL's ANDA Product Labeling will infringe one or more claims of the '530 patent.

173. On information and belief, DRL plans and intends to, and will, actively induce infringement of one or more claims of the '530 patent when DRL's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. DRL's activities will be done with knowledge of the '530 patent and specific intent to infringe that patent.

174. On information and belief, physicians who act according to DRL's ANDA Product Labeling will infringe one or more claims of the '530 patent.

175. On information and belief, DRL knows, should know, or is willfully blind to the fact that physicians who act according to DRL's ANDA Product Labeling will infringe one or more claims of the '530 patent, and DRL has the specific intent to actively encourage physicians to infringe one or more claims of the '530 patent.

176. On information and belief, DRL knows that DRL's ANDA Product and DRL's ANDA Product Labeling are especially made or adapted for use in infringing the '530 patent, that DRL's ANDA Product is not a staple article or commodity of commerce, and that DRL's ANDA Product and DRL's ANDA Product Labeling are not suitable for substantial non-infringing use. On information and belief, DRL plans and intends to, and will, contribute to infringement of the '530 patent immediately and imminently upon approval of DRL's ANDA.

177. Notwithstanding DRL's knowledge of the claims of the '530 patent, DRL has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import DRL's

ANDA Product with DRL's ANDA Product Labeling following FDA approval of DRL's ANDA prior to the expiration of the '530 patent.

178. The foregoing actions by DRL constitute and/or will constitute infringement of the '530 patent; active inducement of infringement of the '530 patent; and/or contribution to the infringement by others of the '530 patent.

179. On information and belief, DRL has acted with full knowledge of the '530 patent and without a reasonable basis for believing that it would not be liable for infringement of the '530 patent; active inducement of infringement of the '530 patent; and/or contribution to the infringement by others of the '530 patent.

180. Pharmacosmos will be irreparably harmed if DRL is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '530 patent. Pharmacosmos does not have an adequate remedy at law, and considering the balance of hardships between Pharmacosmos and DRL, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

181. The submission of DRL's ANDA to obtain FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of DRL's ANDA Product before the expiration of the '530 patent also entitles Pharmacosmos to fees under 35 U.S.C. § 271(e)(4) and § 285.

## COUNT IX

## INFRINGEMENT OF THE '992 PATENT BY DRL

182. The allegations of paragraphs 1-181 above are repeated and re-alleged as if set forth fully herein.

183. On information and belief, DRL has submitted or caused the submission of DRL's ANDA to FDA, and continues to seek FDA approval of DRL's ANDA.

184. DRL has infringed the '992 patent under 35 U.S.C. § 271(e)(2)(A) by submitting DRL's ANDA with a Paragraph IV certification and seeking FDA approval of DRL's ANDA prior to the expiration of the '992 patent.

185. DRL Inc. and DRL Ltd. are jointly and severally liable for any infringement of the '992 patent because, on information and belief, DRL Inc. and DRL Ltd. actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of DRL's ANDA and its accompanying Paragraph IV Certification directed to the '992 patent to the FDA.

186. On information and belief, DRL's ANDA product will be accompanied by DRL's ANDA Product Labeling.

187. On information and belief DRL's ANDA Product Labeling will be substantially identical to the prescribing information for COSELA® (Exhibit N).

188. On information and belief, physicians will follow the instructions on DRL's ANDA Product Labeling when administering DRL's ANDA Product.

189. On information and belief, the use of DRL's ANDA Product in accordance with and as directed by DRL's ANDA Product labeling will infringe one or more claims of the '992 patent.

190. As an example, claim 1 of the '992 patent recites:

A method of reducing the effect of chemotherapy on healthy cells in a human treated for cyclin-dependent kinase 4/6 (CDK4/6) replication independent small cell lung cancer,

wherein said healthy cells are hematopoietic stem cells or hematopoietic progenitor cells, the method comprising administering to the human an effective amount of chemotherapeutic agent carboplatin, an effective amount of chemotherapeutic agent etoposide, and an effective amount of a CDK4/6 inhibitor of the formula:




or a pharmaceutically acceptable salt thereof.

191. On information and belief, the use of DRL's ANDA Product in accordance with and as directed by DRL's ANDA Product Labeling will practice the method recited in at least claim 1 of the '992 patent.

192. DRL's Detailed Statement in DRL's Paragraph IV Notice Letter lacks any contention that the use of DRL's ANDA Product in accordance with and as directed by DRL's ANDA Product Labeling will not infringe, and/or that DRL's manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of DRL's ANDA Product will not contribute to the infringement of, or induce the infringement of the claims of the '992 patent, including claim 1.

193. On information and belief, DRL will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of DRL's ANDA Product immediately and imminently upon approval of DRL's ANDA.

194. On information and belief, the manufacture, use, sale, offer for sale, or importation of DRL's ANDA Product will infringe one or more claims of the '992 patent.

195. On information and belief, the manufacture, use, sale, offer for sale, or importation of DRL's ANDA Product in accordance with and as directed by DRL's ANDA Product Labeling will infringe one or more claims of the '992 patent.

196. On information and belief, DRL plans and intends to, and will, actively induce infringement of one or more claims of the '992 patent when DRL's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. DRL's activities will be done with knowledge of the '992 patent and specific intent to infringe that patent.

197. On information and belief, physicians who act according to DRL's ANDA Product Labeling will infringe one or more claims of the '992 patent.

198. On information and belief, DRL knows, should know, or is willfully blind to the fact that physicians who act according to DRL's ANDA Product Labeling will infringe one or more claims of the '992 patent, and DRL has the specific intent to actively encourage physicians to infringe one or more claims of the '992 patent.

199. On information and belief, DRL knows that DRL's ANDA Product and DRL's ANDA Product Labeling are especially made or adapted for use in infringing the '992 patent, that DRL's ANDA Product is not a staple article or commodity of commerce, and that DRL's ANDA Product and DRL's ANDA Product Labeling are not suitable for substantial non-infringing use. On information and belief, DRL plans and intends to, and will, contribute to infringement of the '992 patent immediately and imminently upon approval of DRL's ANDA.

200. Notwithstanding DRL’s knowledge of the claims of the ’992 patent, DRL has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import DRL’s ANDA Product with DRL’s ANDA Product Labeling following FDA approval of DRL’s ANDA prior to the expiration of the ’992 patent.

201. The foregoing actions by DRL constitute and/or will constitute infringement of the ’992 patent; active inducement of infringement of the ’992 patent; and/or contribution to the infringement by others of the ’992 patent.

202. On information and belief, DRL has acted with full knowledge of the ’992 patent and without a reasonable basis for believing that it would not be liable for infringement of the ’992 patent; active inducement of infringement of the ’992 patent; and/or contribution to the infringement by others of the ’992 patent.

203. Pharmacosmos will be irreparably harmed if DRL is not enjoined from infringing, and from actively inducing or contributing to the infringement of the ’992 patent. Pharmacosmos does not have an adequate remedy at law, and considering the balance of hardships between Pharmacosmos and DRL, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

204. The submission of DRL’s ANDA to obtain FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of DRL’s ANDA Product before the expiration of the ’992 patent also entitles Pharmacosmos to fees under 35 U.S.C. § 271(e)(4) and § 285.

**COUNT X**

**INFRINGEMENT OF THE ’984 PATENT BY DRL**

205. The allegations of paragraphs 1-204 above are repeated and re-alleged as if set forth fully herein.

206. On information and belief, DRL has submitted or caused the submission of DRL’s ANDA to FDA, and continues to seek FDA approval of DRL’s ANDA.

207. DRL has infringed the ’984 patent under 35 U.S.C. § 271(e)(2)(A) by submitting DRL’s ANDA with a Paragraph IV certification and seeking FDA approval of DRL’s ANDA prior to the expiration of the ’984 patent.

208. DRL Inc. and DRL Ltd. are jointly and severally liable for any infringement of the ’984 patent because, on information and belief, DRL Inc. and DRL Ltd. actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of DRL’s ANDA and its accompanying Paragraph IV Certification directed to the ’984 patent to the FDA.

209. On information and belief, DRL’s ANDA product will be accompanied by DRL’s ANDA Product Labeling.

210. On information and belief DRL’s ANDA Product Labeling will be substantially identical to the prescribing information for COSELA® (Exhibit N).

211. On information and belief, physicians will follow the instructions on DRL’s ANDA Product Labeling when administering DRL’s ANDA Product.

212. On information and belief, the use of DRL’s ANDA Product in accordance with and as directed by DRL’s ANDA Product labeling will infringe one or more claims of the ’984 patent.

213. As an example, claim 1 of the ’984 patent recites:

A method of treating a human with cancer comprising:

administering to the human an effective amount of a selective CDK4/6 inhibitor of structure:




or a pharmaceutically acceptable salt thereof; and,

administering to the human a chemotherapeutic agent;

wherein the selective CDK4/6 inhibitor is administered to the human about 24 hours or less prior to administration of the chemotherapeutic agent.

214. On information and belief, the use of DRL’s ANDA Product in accordance with and as directed by DRL’s ANDA Product Labeling will practice the method recited in at least claim 1 of the ’984 patent.

215. DRL’s Detailed Statement in DRL’s Paragraph IV Notice Letter lacks any contention that the use of DRL’s ANDA Product in accordance with and as directed by DRL’s ANDA Product Labeling will not infringe, and/or that DRL’s manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of DRL’s ANDA Product will not contribute to the infringement of, or induce the infringement of certain claims of the ’984 patent, including claim 1.

216. On information and belief, DRL will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of DRL's ANDA Product immediately and imminently upon approval of DRL's ANDA.

217. On information and belief, the manufacture, use, sale, offer for sale, or importation of DRL's ANDA Product will infringe one or more claims of the '984 patent.

218. On information and belief, the manufacture, use, sale, offer for sale, or importation of DRL's ANDA Product in accordance with and as directed by DRL's ANDA Product Labeling will infringe one or more claims of the '984 patent.

219. On information and belief, DRL plans and intends to, and will, actively induce infringement of one or more claims of the '984 patent when DRL's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. DRL's activities will be done with knowledge of the '984 patent and specific intent to infringe that patent.

220. On information and belief, physicians who act according to DRL's ANDA Product Labeling will infringe one or more claims of the '984 patent.

221. On information and belief, DRL knows, should know, or is willfully blind to the fact that physicians who act according to DRL's ANDA Product Labeling will infringe one or more claims of the '984 patent, and DRL has the specific intent to actively encourage physicians to infringe one or more claims of the '984 patent.

222. On information and belief, DRL knows that DRL's ANDA Product and DRL's ANDA Product Labeling are especially made or adapted for use in infringing the '984 patent, that DRL's ANDA Product is not a staple article or commodity of commerce, and that DRL's ANDA Product and DRL's ANDA Product Labeling are not suitable for substantial non-infringing use.

On information and belief, DRL plans and intends to, and will, contribute to infringement of the ’984 patent immediately and imminently upon approval of DRL’s ANDA.

223. Notwithstanding DRL’s knowledge of the claims of the ’984 patent, DRL has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import DRL’s ANDA Product with its product labeling following FDA approval of DRL’s ANDA prior to the expiration of the ’984 patent.

224. The foregoing actions by DRL constitute and/or will constitute infringement of the ’984 patent; active inducement of infringement of the ’984 patent; and/or contribution to the infringement by others of the ’984 patent.

225. On information and belief, DRL has acted with full knowledge of the ’984 patent and without a reasonable basis for believing that it would not be liable for infringement of the ’984 patent; active inducement of infringement of the ’984 patent; and/or contribution to the infringement by others of the ’984 patent.

226. Pharmacosmos will be irreparably harmed if DRL is not enjoined from infringing, and from actively inducing or contributing to the infringement of the ’984 patent. Pharmacosmos does not have an adequate remedy at law, and considering the balance of hardships between Pharmacosmos and DRL, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

227. The submission of DRL’s ANDA to obtain FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of DRL’s ANDA Product before the expiration of the ’984 patent also entitles Pharmacosmos to fees under 35 U.S.C. § 271(e)(4) and § 285.

**COUNT XI**

**INFRINGEMENT OF THE ’523 PATENT BY DRL**

228. The allegations of paragraphs 1-227 above are repeated and re-alleged as if set forth fully herein.

229. On information and belief, DRL has submitted or caused the submission of DRL’s ANDA to FDA, and continues to seek FDA approval of DRL’s ANDA.

230. DRL has infringed the ’523 patent under 35 U.S.C. § 271(e)(2)(A) by submitting DRL’s ANDA with a Paragraph IV certification and seeking FDA approval of DRL’s ANDA prior to the expiration of the ’523 patent.

231. DRL Inc. and DRL Ltd. are jointly and severally liable for any infringement of the ’523 patent because, on information and belief, DRL Inc. and DRL Ltd. actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of DRL’s ANDA and its accompanying Paragraph IV Certification directed to the ’523 patent to the FDA.

232. On information and belief, DRL’s ANDA product will be accompanied by DRL’s ANDA Product Labeling.

233. On information and belief DRL’s ANDA Product Labeling will be substantially identical to the prescribing information for COSELA® (Exhibit N).

234. On information and belief, physicians will follow the instructions on DRL’s ANDA Product Labeling when administering DRL’s ANDA Product.

235. On information and belief, the use of DRL’s ANDA Product in accordance with and as directed by DRL’s ANDA Product labeling will infringe one or more claims of the ’523 patent.

236. As an example, claim 1 of the ’523 patent recites:

A method of reducing chemotherapy-induced myelosuppression in a human receiving chemotherapy for the treatment of small cell lung cancer comprising administering to the human an effective amount of at least one chemotherapeutic agent and an effective amount of a CDK4/6 inhibitor of the structure




or a pharmaceutically acceptable salt thereof, wherein the CDK4/6 inhibitor is administered 24 hours or less prior to administration of the chemotherapeutic agent.

237. On information and belief, the use of DRL’s ANDA Product in accordance with and as directed by DRL’s ANDA Product Labeling will practice the method recited in at least claim 1 of the ‘523 patent.

238. DRL’s Detailed Statement in DRL’s Paragraph IV Notice Letter lacks any contention that the use of DRL’s ANDA Product in accordance with and as directed by DRL’s ANDA Product Labeling will not infringe, and/or that DRL’s manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of DRL’s ANDA Product will not contribute to the infringement of, or induce the infringement of the claims of the ’523 patent, including claim 1.

239. On information and belief, DRL will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of DRL's ANDA Product immediately and imminently upon approval of DRL's ANDA.

240. On information and belief, the manufacture, use, sale, offer for sale, or importation of DRL's ANDA Product will infringe one or more claims of the '523 patent.

241. On information and belief, the manufacture, use, sale, offer for sale, or importation of DRL's ANDA Product in accordance with and as directed by DRL's ANDA Product Labeling will infringe one or more claims of the '523 patent.

242. On information and belief, DRL plans and intends to, and will, actively induce infringement of one or more claims of the '523 patent when DRL's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. DRL's activities will be done with knowledge of the '523 patent and specific intent to infringe that patent.

243. On information and belief, physicians who act according to DRL's ANDA Product Labeling will infringe one or more claims of the '523 patent.

244. On information and belief, DRL knows, should know, or is willfully blind to the fact that physicians who act according to DRL's ANDA Product Labeling will infringe one or more claims of the '523 patent, and DRL has the specific intent to actively encourage physicians to infringe one or more claims of the '523 patent.

245. On information and belief, DRL knows that DRL's ANDA Product and DRL's ANDA Product Labeling are especially made or adapted for use in infringing the '523 patent, that DRL's ANDA Product is not a staple article or commodity of commerce, and that DRL's ANDA Product and DRL's ANDA Product Labeling are not suitable for substantial non-infringing use.

On information and belief, DRL plans and intends to, and will, contribute to infringement of the ’523 patent immediately and imminently upon approval of DRL’s ANDA.

246. Notwithstanding DRL’s knowledge of the claims of the ’523 patent, DRL has continued to assert its intent to manufacture, use, offer for sale, sell, distribute, and/or import DRL’s ANDA Product with its product labeling following FDA approval of DRL’s ANDA prior to the expiration of the ’523 patent.

247. The foregoing actions by DRL constitute and/or will constitute infringement of the ’523 patent; active inducement of infringement of the ’523 patent; and/or contribution to the infringement by others of the ’523 patent.

248. On information and belief, DRL has acted with full knowledge of the ’523 patent and without a reasonable basis for believing that it would not be liable for infringement of the ’523 patent; active inducement of infringement of the ’523 patent; and/or contribution to the infringement by others of the ’523 patent.

249. Pharmacosmos will be irreparably harmed if DRL is not enjoined from infringing, and from actively inducing or contributing to the infringement of the ’523 patent. Pharmacosmos does not have an adequate remedy at law, and considering the balance of hardships between Pharmacosmos and DRL, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

250. The submission of DRL’s ANDA to obtain FDA approval to engage in the commercial manufacture, use offer for sale, sale, and/or importation into the United States of DRL’s ANDA Product before the expiration of the ’523 patent also entitles Pharmacosmos to fees under 35 U.S.C. § 271(e)(4) and § 285.

**COUNT XII**

**INFRINGEMENT OF THE ’352 PATENT BY DRL**

251. The allegations of paragraphs 1-250 above are repeated and re-alleged as if set forth fully herein.

252. On information and belief, DRL has submitted or caused the submission of DRL’s ANDA to FDA, and continue to seek FDA approval of DRL’s ANDA.

253. On information and belief, DRL seeks FDA approval to engage in the commercial manufacture, use, sale, offer for sale and/or importation of DRL’s ANDA Product before the expiration of the ’352 patent.

254. On information and belief, DRL did not disclose that it submitted any certifications, including a Paragraph IV certification, required by 21 U.S.C. § 355(j)(2)(A) for the ’352 patent with DRL’s ANDA.

255. On information and belief, to the extent that DRL filed a statement under 21 U.S.C. § 505(j)(2)(A)(viii) (“section viii statement”), representing to FDA that it was not seeking approval for a method of use claimed by the ’352 patent, DRL has infringed the ’352 patent under 35 U.S.C. § 271(e)(2)(A) by submitting DRL’s ANDA with an improper, insufficient, and/or misleading section viii statement with respect to the ’352 patent and seeking FDA approval of DRL’s ANDA prior to the expiration of the ’352 patent.

256. DRL Inc. and DRL Ltd. are jointly and severally liable for any infringement of the ’352 patent because, on information and belief, DRL Inc. and DRL Ltd. actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of DRL’s ANDA directed to the ’352 patent to the FDA.

257. On information and belief, DRL's ANDA product will be accompanied by DRL's ANDA Product Labeling.

258. On information and belief, DRL's ANDA Product Labeling will be substantially identical to the prescribing information for COSELA®.

259. On information and belief, like COSELA®, DRL's ANDA Product will be indicated to decrease the incidence of chemotherapy-induced myelosuppression in adult patients when administered prior to a platinum/etoposide-containing regimen or topotecan-containing regimen for extensive-stage small cell lung cancer (ES-SCLC). On information and belief, DRL's ANDA Product Labeling will contain information instructing the administration of DRL's ANDA Product prior to a platinum/etoposide-containing regimen for ES-SCLC, which includes standard of care platinum/etoposide-containing regimens for ES-SCLC.

260. On information and belief, to the extent that DRL has filed a Section viii statement regarding the '352 patent, such statement is unfounded and/or erroneous. On information and belief, DRL has not and cannot modify the label for DRL's ANDA Product using 35 U.S.C. § 505(j)(2)(A)(viii) in a way that would avoid infringement of one or more claims of the '352 patent. Upon information and belief, DRL should have made a Paragraph IV certification to the '352 patent.

261. On information and belief, the use of DRL's ANDA Product in accordance with and as directed by DRL's ANDA Product labeling will infringe one or more claims of the '352 patent.

262. As an example, claim 1 of the '352 patent recites:

A method of treating a human having cancer comprising administering to the human a

therapeutic regimen comprising a) an induction phase and b) a maintenance phase,

a) the induction phase comprising:

i) administering to the human an effective amount of a selective Cyclin Dependent Kinase 4/6 (CDK4/6) inhibitor of structure:



or a pharmaceutically acceptable salt thereof,

ii) administering to the human an effective amount of a chemotherapeutic agent, and

iii) administering to the human an effective amount of an immune checkpoint inhibitor,

wherein, during the induction phase, the CDK4/6 inhibitor is only administered 24 hours or less prior to the administration of the chemotherapeutic agent, and wherein the chemotherapeutic agent is cytotoxic to immune effector cells;

b) the maintenance phase comprising:

i) administering to the human at least one dose of an effective amount of the immune checkpoint inhibitor, and wherein the maintenance phase is administered following the cessation of the induction phase.

263. On information and belief, the use of DRL's ANDA Product in accordance with and as directed by DRL's ANDA Product Labeling will practice the method recited in at least claim 1 of the '352 patent.

264. On information and belief, DRL will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of DRL's ANDA Product immediately and imminently upon approval of DRL's ANDA.

265. On information and belief, the manufacture, use, sale, offer for sale, or importation of DRL's ANDA Product will infringe one or more claims of the '352 patent.

266. On information and belief, the manufacture, use, sale, offer for sale, or importation of DRL's ANDA Product in accordance with and as directed by DRL's ANDA Product Labeling will infringe one or more claims of the '352 patent.

267. On information and belief, DRL plans and intends to, and will, actively induce infringement of one or more claims of the '352 patent when DRL's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. DRL's activities will be done with knowledge of the '352 patent and specific intent to infringe that patent.

268. On information and belief, physicians will follow the clinical study information, prescribing information, and other instructions contained in DRL's ANDA Product Labeling when administering DRL's ANDA Product.

269. On information and belief, physicians who act according to DRL's ANDA Product Labeling will infringe one or more claims of the '352 patent.

270. On information and belief, DRL knows, should know, or is willfully blind to the fact that, if DRL's ANDA Product is approved, physicians will follow the instructions contained

in DRL's ANDA Product Labeling to administer DRL's ANDA Product in accordance with the standard of care. On information and belief, administration of DRL's ANDA product as instructed by DRL's ANDA Product Labeling in accordance with the standard of care will infringe one or more claims of the '352 patent.

271. On information and belief, DRL knows, should know, or is willfully blind to the fact that physicians who act according to DRL's ANDA Product Labeling will infringe one or more claims of the '352 patent, and DRL has the specific intent to actively encourage physicians to infringe one or more claims of the '352 patent.

272. On information and belief, DRL will market DRL's ANDA Product with the specific intent and/or with the desire to actively induce, aid, and abet infringement of the '352 patent. DRL knows or reasonably should know that its proposed conduct will induce infringement of the '352 patent.

273. On information and belief, if DRL's ANDA is approved, DRL's marketing practices will induce physicians to administer DRL's ANDA Product in a manner that infringes one or more claims of the '352 patent.

274. On information and belief, DRL knows that DRL's ANDA Product and DRL's ANDA Product Labeling are especially made or adapted for use in infringing the '352 patent, that DRL's ANDA Product is not a staple article or commodity of commerce, and that DRL's ANDA Product and DRL's ANDA Product Labeling are not suitable for substantial non-infringing use. On information and belief, DRL plans and intends to, and will, contribute to infringement of the '352 patent immediately and imminently upon approval of DRL's ANDA.

275. Notwithstanding DRL's knowledge of the claims of the '352 patent, DRL has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import DRL's ANDA Product with its product labeling following FDA approval of DRL's ANDA prior to the expiration of the '352 patent.

276. The foregoing actions by DRL constitute and/or will constitute infringement of the '352 patent; active inducement of infringement of the '352 patent; and/or contribution to the infringement by others of the '352 patent.

277. On information and belief, DRL has acted with full knowledge of the '352 patent and without a reasonable basis for believing that it would not be liable for infringement of the '352 patent; active inducement of infringement of the '352 patent; and/or contribution to the infringement by others of the '352 patent.

278. DRL's Paragraph IV Notice Letter does not provide any contention that DRL 's ANDA Product will not infringe, contribute to the infringement of, or induce the infringement of the '352 patent.

279. Pharmacosmos will be irreparably harmed if DRL is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '352 patent. Pharmacosmos does not have an adequate remedy at law, and considering the balance of hardships between Pharmacosmos and DRL, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

280. The submission of DRL's ANDA to obtain FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or import into the United States of DRL's

ANDA Product before the expiration of the ’352 patent also entitles Pharmacosmos to fees under 35 U.S.C. § 271(e)(4) and § 285.

## COUNT XIII

## INFRINGEMENT OF THE ’666 PATENT BY DRL

281. The allegations of paragraphs 1-279 above are repeated and re-alleged as if set forth fully herein.

282. On information and belief, DRL has submitted or caused the submission of DRL’s ANDA to the FDA, and continues to seek FDA approval of DRL’s ANDA.

283. The ’666 patent is entitled “Morphic Forms of Trilaciclib and Methods of Manufacture Thereof.”

284. DRL has infringed the ’666 patent under 35 U.S.C. § 271(e)(2)(A) by submitting DRL’s ANDA with a Paragraph IV certification and seeking FDA approval of DRL’s ANDA prior to the expiration of the ’666 patent.

285. DRL Inc. and DRL Ltd. are jointly and severally liable for any infringement of the ’666 patent because, on information and belief, DRL Inc. and DRL Ltd. actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of DRL’s ANDA and its accompanying Paragraph IV Certification directed to the ’666 patent to the FDA.

286. On information and belief, if DRL’s ANDA is approved, DRL and its affiliates will immediately make, use, sell, offer for sale, or otherwise distribute DRL’s ANDA Product in the United States, including in New Jersey, thereby directly infringing one or more claims of the ’666 patent.

287. DRL's commercial manufacture, use, sale, or offer for sale, and/or importation into the United States of DRL's ANDA Product will actively induce and/or contribute to the infringement of the '666 patent.

288. Unless enjoined by this Court, upon approval of DRL's ANDA, DRL will make, use, offer to sell, or sell DRL's ANDA Product within the United States, or will import DRL's ANDA Product into the United States, and will thereby contribute to the infringement and/or induce the infringement of one or more claims of the '666 patent.

289. On information and belief, DRL has acted with full knowledge of the '666 patent and without a reasonable basis for believing that it would not be liable for infringement of the '666 patent; active inducement of infringement of the '666 patent; and/or contribution to the infringement by others of the '666 patent.

290. DRL's Detailed Statement in DRL's Paragraph IV Notice Letter lacks any sufficient contention that DRL's ANDA Product will not infringe, contribute to the infringement of, or induce the infringement of the '666 patent.

291. Pharmacosmos will be irreparably harmed if DRL is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '666 patent. Pharmacosmos does not have an adequate remedy at law, and considering the balance of hardships between Pharmacosmos and DRL, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

292. The submission of DRL's ANDA to obtain FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of

DRL's ANDA Product before the expiration of the '666 patent also entitles Pharmacosmos to fees under 35 U.S.C. § 271(e)(4) and § 285.

## PRAYER FOR RELIEF

WHEREFORE, Pharmacosmos requests that the Court grant the following relief:

A. A judgement that DRL infringes the patents-in-suit;

B. A permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) or 35 U.S.C. § 283 restraining and enjoining DRL, their affiliates and subsidiaries, and all persons or entities acting in concert with DRL from commercially manufacturing, using, offering for sale, selling, or importing any product that infringes the patents-in-suit by the commercial manufacture, use, provision, offer for sale, or sale within the United States, and/or importation into the United States, including DRL's ANDA Product described in ANDA No. 220230;

C. An order pursuant to 35 U.S.C. § 271(e)(4)(A) decreeing that the effective date of any FDA approval of DRL's ANDA No. 220230 be a date that is not earlier than the expiration date of the latest to expire of the patents-in-suit, or any later expiration of any patent term extension or exclusivity for the aforementioned patents-in-suit to which Pharmacosmos is or becomes entitled;

D. An award of damages or other relief pursuant to 35 U.S.C. § 271(e)(4)(C) to the extent DRL commercially manufactures, uses, provides, offers to sell, or sells within the United States, or imports into the United States any product that infringes or induces or contributes to the infringement of the patents-in-suit within the United States prior to the expiration of the aforementioned patents, including any later expiration of any patent term extension or exclusivity

for the patents to which Pharmacosmos is or becomes entitled, and that any such monetary relief be awarded to Pharmacosmos with prejudgment interest;

E. The entry of judgment declaring that DRL's acts render this case an exceptional case, and awarding Pharmacosmos their attorneys' fees pursuant to 35 U.S.C. §§ 271(e)(4) and 285;

F. An award of Pharmacosmos' costs and expenses in this action; and

G. Such other and further relief as the Court may deem just and proper.

DATED: May 7, 2025

By: s/ David E. De Lorenzi
David E. De Lorenzi
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102
Telephone: (973) 596-4500
ddelorenzi@gibbonslaw.com

*Attorneys for Plaintiffs*
*Pharmacosmos A/S*
*Pharmacosmos Holding A/S*
*Pharmacosmos Therapeutics Inc.*

OF COUNSEL:

ARNOLD & PORTER KAYE SCHOLER LLP
Daniel L. Reisner (*pro hac vice* to be submitted)
Abigal Struthers (*pro hac vice* to be submitted)
250 West 55th Street
New York, NY 100190-9710
Telephone: (212) 836-8000
daniel.reisner@arnoldporter.com
abigail.struthers@arnoldporter.com

ARNOLD & PORTER KAYE SCHOLER LLP
Jeremy Cobb (*pro hac vice* to be submitted)
601 Massachusetts Ave,
NW Washington, DC 20001-3743
Telephone: (202) 942-5000
jeremy.cobb@arnoldporter.com

ARNOLD & PORTER KAYE SCHOLER LLP
David Denuyl (*pro hac vice* to be submitted)
3000 El Camino Real,
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306-3807
Telephone: (650) 319-4500
david.denuyl@arnoldporter.com

*Attorneys for Plaintiffs*
*Pharmacosmos A/S*
*Pharmacosmos Holding A/S*
*Pharmacosmos Therapeutics Inc.*